**TM PRODUCTIONS, INC., Petitioner,**

v.

**BLUE MOUNTAIN BROADCASTING COMPANY, Respondent.**

No. C–902.

Supreme Court of Texas.

July 7, 1982.

---

Kolody, Thomas, Dooley & Maris, Robert F. Maris, Dallas, for petitioner.

Kasmir, Willingham & Krage, Ben L. Krage, Dallas, for respondent.

PER CURIAM.

This is a suit for breach of contract. It was instituted in the 134th District Court of Dallas County, Texas by TM Productions, Inc., a Texas corporation, against Blue Mountain Broadcasting Company, an Idaho corporation. Defendant Blue Mountain Broadcasting Company entered a special appearance, in accordance with Rule 120a,[1] challenging the jurisdiction of the Texas court. The trial court sustained Blue Mountain's motion to the jurisdiction, and the court of civil appeals, with one justice dissenting, affirmed. 623 S.W.2d 427.

We granted writ of error to consider whether TM's failure to allege Blue Moun-

---

**2.** All references to rules are to the Texas Rules of Civil Procedure.

**1.** All references to rules are to the Texas Rules of Civil Procedure.

tain's consent to jurisdiction relieved the latter from its burden under Rule 120a to demonstrate that it was not amenable to the process of Texas courts on such grounds. The point has not been previously considered by this Court, other than in the context of a default judgment. *See McKanna v. Edgar,* 388 S.W.2d 927 (Tex. 1965). This point, however, was waived by TM and is not properly before this Court.

TM's contention that Blue Mountain was subject to the jurisdiction of Texas courts under the consent to jurisdiction clause was expressly waived by the following statement, made to the trial court:

> Plaintiff [TM] does not urge that the provisions of the contract confer jurisdiction in Texas, but rather show that defendant [Blue Mountain] should have reasonably foreseen the possibility of litigating contractual disputes in Texas, thus creating a "purposeful" contact with Texas.

TM cannot now urge contractual consent to jurisdiction in this appeal. *See Fulcher v. Texas State Bd. of Public Accountancy,* 571 S.W.2d 366 (Tex.Civ.App.-Corpus Christi 1978, writ ref'd n.r.e.). *See generally* Rule 373, Tex.R.Civ.Pro.

We conclude that the writ of error was improvidently granted. The order granting the writ is set aside and the application for writ of error is refused, no reversible error.