Deaner v. Marchese

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-029-CV

JACALYN M. DEANER APPELLANT

V.

RICHARD MARCHESE, CHRISTINA APPELLEES

MARCHESE, ACCESSTRADEONE.COM, 

AND THOMAS MARCHESE

------------

FROM THE 67
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jacalyn Deaner, pro se, appeals the trial court’s dismissal of her lawsuit against Richard Marchese, Christina Marchese, ACCESSTRADEONE.COM, and Thomas Marchese (“the Marcheses”) for want of jurisdiction.  We will affirm the trial court’s dismissal of the suit and award damages for a frivolous appeal under appellate rule 45.  
See
 
Tex. R. App. P. 
45.

Deaner’s primary complaint is that the trial court erred in granting the Marcheses’ motion to dismiss for want of personal jurisdiction.  After reviewing the evidence under the applicable standard of review,
(footnote: 2) we hold that the trial court did not err in concluding that it lacked personal jurisdiction over the Marcheses.  Deaner did not meet her burden of pleading sufficient allegations to bring the Marcheses within the provisions of the long-arm statute.
(footnote: 3)  Thus, the Marcheses were able to defeat personal jurisdiction simply by their sworn affidavits that they are nonresidents of Texas.
  TM Prods., Inc. v. Blue Mountain Broad. Co.
, 623 S.W.2d 427, 432 (Tex. Civ. App.—Dallas 1981), 
writ ref’d n.r.e.
, 639 S.W.2d 450 (Tex. 1982).

Deaner also contends that the trial court erred in sustaining the Marcheses’ objections to the exhibits she presented at the special appearance hearing.  The trial court concluded that each of Deaner’s exhibits was inadmissible for one or more of the following reasons:  lack of authentication, lack of foundation, hearsay, and lack of relevance and probative value to the narrow issue of jurisdiction.  Deaner cites no authority to support her position that these conclusions were erroneous; therefore, this point is waived on appeal.  
See 
Tex. R. App. P
. 
38.1(h); 
see also Fredonia State Bank v. Gen. Am. Life Ins. Co.
, 
881 S.W.2d 279, 284 (Tex. 1994) (discussing “long-standing rule” that point may be waived due to inadequate briefing).
  Moreover, Deaner’s contention that the Marcheses converted their special appearance into a general appearance by objecting to her evidence is not only waived, but is also without legal merit.  
See 
Tex. R. Civ. P.
 120a(1), (2); 
Dawson-Austin v. Austin
, 968 S.W.2d 319, 323 (Tex. 1998), 
cert. denied
, 525 U.S. 1067 (1999). 

Deaner further contends that the trial court erred in abating further discovery until after it ruled on the Marcheses’ special appearance.  Appellant cites no relevant argument or authority for this contention; thus it is waived.  
See 
Tex. R. App. P
. 
38.1(h); 
Fredonia State Bank
, 881 S.W.2d at 284.  We overrule all of Deaner’s issues.

In a cross-point, the Marcheses ask us to impose sanctions for the filing of a frivolous appeal pursuant to appellate rule 45.  
See
 Tex. R. App. P.
 45 (providing that, if appellate court finds appeal is frivolous, it may award prevailing party “just damages”).  We must exercise our discretion to impose Rule 45 damages with prudence, caution, and only after careful consideration
.  See Casteel-Diebolt v. Diebolt
, 912 S.W.2d 302, 306 (Tex. App.—Houston [14
th
 Dist.] 1995, no writ); 
Dyson Descendant Corp. v. Sonat Exploration Co.
, 861 S.W.2d 942, 952 (Tex. App.—Houston [1
st
 Dist.] 1993, no writ).  In so doing, we review the record from the appellant’s point of view at the time the appeal was taken and decide whether she had any reasonable grounds to believe the case would be reversed.  
Bledsoe v. Kuczek
, No. 02-02-255-CV, 2003 WL 21476204, at *4 (Tex. App.—Fort Worth June 26, 2003, no pet.) (mem. op.); 
Smith
 
v. Brown
, 51 S.W.3d 376, 381 (Tex. App.—Houston [1
st
 Dist.] 2001, pet. denied).  However, “[w]e will not permit spurious appeals, which unnecessarily burden parties and our already crowded docket, to go unpunished.”  
Bradt v. West
, 892 S.W.2d 56, 79 (Tex. App.—Houston [1
st
 Dist.] 1994, writ denied).

In this case, Deaner has not presented a single reasonable or coherent ground for reversal, nor has she cited any relevant legal authority for her arguments.
(footnote: 4)  Further, the Marcheses have demonstrated that Deaner has engaged in a pattern of vexatious litigation in both this proceeding and prior actions she has taken against them.  Therefore, we hold that the record shows that Deaner’s appeal is frivolous.

The Marcheses have proven by affidavit reasonable and necessary attorneys’ fees of $12,731 in defending this appeal.  Accordingly, we award the Marcheses this amount as just damages.  
See Smith
, 51 S.W.3d at 382; 
Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.
, 2 S.W.3d 393, 397 (Tex. App.—San Antonio 1999, no pet.) (both awarding appellees appellate attorneys’ fees as just damages under Rule 45).

We affirm the trial court’s judgment and award the Marcheses $12,731 as their just damages for Deaner’s frivolous appeal.

PER CURIAM

PANEL A: CAYCE, C.J.; GARDNER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: January 29, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
We review the trial court’s factual findings for legal and factual sufficiency and review the trial court’s legal conclusions de novo.  
BMC Software Belgium, N.V. v. Marchand
, 83 S.W.3d 789, 793-94 (Tex. 2002).

3:
The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the long-arm statute.  
Id.  
at 793.

4:
See Chapman v. Hootman
, 999 S.W.2d 118, 124-25 (Tex. App.—Houston [14
th
 Dist.] 1999, no pet.) (holding appellant’s failure to cite to authorities and the record indicated a bad faith appeal)
;
 Parker v. State Farm Mut. Auto. Ins. Co.
, 4 S.W.3d 358, 365 (Tex. App.—Houston [1
st
 Dist.] 1999, no pet.) (awarding sanctions where appellant “presented no well-researched, arguable issue” to the appellate court)
.