COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-029-CV
  
  
JACALYN 
M. DEANER                                                           APPELLANT
  
V.
  
RICHARD 
MARCHESE, CHRISTINA                                           APPELLEES
MARCHESE, 
ACCESSTRADEONE.COM,
AND 
THOMAS MARCHESE
  
------------
 
FROM 
THE 67TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Jacalyn 
Deaner, pro se, appeals the trial court’s dismissal of her lawsuit against 
Richard Marchese, Christina Marchese, ACCESSTRADEONE.COM, and Thomas Marchese 
(“the Marcheses”) for want of jurisdiction. We will affirm the trial 
court’s dismissal of the suit and award damages for a frivolous appeal under 
appellate rule 45. See Tex. R. App. P. 45.
        Deaner’s 
primary complaint is that the trial court erred in granting the Marcheses’ 
motion to dismiss for want of personal jurisdiction. After reviewing the 
evidence under the applicable standard of review,[2]  
we hold that the trial court did not err in concluding that it lacked personal 
jurisdiction over the Marcheses. Deaner did not meet her burden of pleading 
sufficient allegations to bring the Marcheses within the provisions of the 
long-arm statute.[3]  Thus, the Marcheses were 
able to defeat personal jurisdiction simply by their sworn affidavits that they 
are nonresidents of Texas. TM Prods., Inc. v. Blue Mountain Broad. Co., 
623 S.W.2d 427, 432 (Tex. Civ. App.—Dallas 1981), writ ref’d n.r.e., 
639 S.W.2d 450 (Tex. 1982).
        Deaner 
also contends that the trial court erred in sustaining the Marcheses’ 
objections to the exhibits she presented at the special appearance hearing. The 
trial court concluded that each of Deaner’s exhibits was inadmissible for one 
or more of the following reasons: lack of authentication, lack of foundation, 
hearsay, and lack of relevance and probative value to the narrow issue of 
jurisdiction. Deaner cites no authority to support her position that these 
conclusions were erroneous; therefore, this point is waived on appeal. See 
Tex. R. 
App. P. 
38.1(h); see also Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 
S.W.2d 279, 284 (Tex. 1994) (discussing “long-standing rule” that point may 
be waived due to inadequate briefing). Moreover, Deaner’s contention that the 
Marcheses converted their special appearance into a general appearance by 
objecting to her evidence is not only waived, but is also without legal merit. See 
Tex. R. 
Civ. P. 120a(1), (2); Dawson-Austin v. 
Austin, 968 S.W.2d 319, 323 (Tex. 1998), cert. denied, 525 U.S. 1067 
(1999).
        Deaner 
further contends that the trial court erred in abating further discovery until 
after it ruled on the Marcheses’ special appearance. Appellant cites no 
relevant argument or authority for this contention; thus it is waived. See 
Tex. R. 
App. P. 
38.1(h); Fredonia State Bank, 881 S.W.2d at 284. We overrule all of 
Deaner’s issues.
        In 
a cross-point, the Marcheses ask us to impose sanctions for the filing of a 
frivolous appeal pursuant to appellate rule 45. See Tex. R. App. P. 45 (providing that, if appellate court 
finds appeal is frivolous, it may award prevailing party “just damages”). We 
must exercise our discretion to impose Rule 45 damages with prudence, caution, 
and only after careful consideration. See Casteel-Diebolt v. Diebolt, 912 
S.W.2d 302, 306 (Tex. App.—Houston [14th Dist.] 1995, no writ); Dyson 
Descendant Corp. v. Sonat Exploration Co., 861 S.W.2d 942, 952 (Tex. 
App.—Houston [1st Dist.] 1993, no writ). In so doing, we review the 
record from the appellant’s point of view at the time the appeal was taken and 
decide whether she had any reasonable grounds to believe the case would be 
reversed. Bledsoe v. Kuczek, No. 02-02-255-CV, 2003 WL 21476204, at *4 
(Tex. App.—Fort Worth June 26, 2003, no pet.) (mem. op.); Smith v. Brown, 
51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. 
denied). However, “[w]e will not permit spurious appeals, which unnecessarily 
burden parties and our already crowded docket, to go unpunished.” Bradt v. 
West, 892 S.W.2d 56, 79 (Tex. App.—Houston [1st Dist.] 1994, 
writ denied).
        In 
this case, Deaner has not presented a single reasonable or coherent ground for 
reversal, nor has she cited any relevant legal authority for her arguments.[4]  Further, the Marcheses have demonstrated that Deaner 
has engaged in a pattern of vexatious litigation in both this proceeding and 
prior actions she has taken against them. Therefore, we hold that the record 
shows that Deaner’s appeal is frivolous.
        The 
Marcheses have proven by affidavit reasonable and necessary attorneys’ fees of 
$12,731 in defending this appeal. Accordingly, we award the Marcheses this 
amount as just damages. See Smith, 51 S.W.3d at 382; Mid-Continent Cas. 
Co. v. Safe Tire Disposal Corp., 2 S.W.3d 393, 397 (Tex. App.—San Antonio 
1999, no pet.) (both awarding appellees appellate attorneys’ fees as just 
damages under Rule 45).
        We 
affirm the trial court’s judgment and award the Marcheses $12,731 as their 
just damages for Deaner’s frivolous appeal.
 
  
                                                                  PER 
CURIAM
  
PANEL A:   CAYCE, 
C.J.; GARDNER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).
 
DELIVERED: 
January 29, 2004
 


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
We review the trial court’s factual findings for legal and factual sufficiency 
and review the trial court’s legal conclusions de novo. BMC Software 
Belgium, N.V. v. Marchand, 83 S.W.3d 789, 793-94 (Tex. 2002).
3. 
The plaintiff bears the initial burden of pleading sufficient allegations to 
bring a nonresident defendant within the provisions of the long-arm statute. Id. 
at 793.
4. 
See Chapman v. Hootman, 999 S.W.2d 118, 124-25 (Tex. App.—Houston [14th 
Dist.] 1999, no pet.) (holding appellant’s failure to cite to authorities and 
the record indicated a bad faith appeal); Parker v. State Farm Mut. Auto. 
Ins. Co., 4 S.W.3d 358, 365 (Tex. App.—Houston [1st Dist.] 
1999, no pet.) (awarding sanctions where appellant “presented no 
well-researched, arguable issue” to the appellate court).