**AFFIRM; and Opinion Filed May 2, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00427-CV

### NERIUM INTERNATIONAL, LLC, Appellant
### V.
### SUNNY KUM SUN AND RIUM, LLC, Appellee

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-02357-F**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

Appellant Nerium International, LLC appeals the trial court's order granting appellees' Sunny Kum Sun and Rium, LLC's special appearance. In three issues, Nerium contends the trial court erred in concluding it lacked jurisdiction over appellees because (1) appellees entered into a contract with a Texas resident that was performable in whole or in part in Texas, (2) the contract contained a forum selection clause, and (3) the evidence is legally and factually insufficient to support the trial court's fact findings. For the following reasons, we affirm the trial court's order.

Nerium is a direct selling skin care company that sells its products through independent contractors they refer to as "Brand Partners." Appellee Sun, a California resident, registered from a computer in California to be a "Brand Partner" on Nerium's website. To register, Sun was required to click a box agreeing to be bound by Nerium's "Terms of Agreement" and its

"Policies and Procedures Manual" (Policy Manual or Manual). The Policy Manual prohibited Brand Partners from using or disclosing Nerium's confidential information and from soliciting other Brand Partners. Sun subsequently executed documents to allow Rium, LLC to operate her Brand Partner position.

Nerium sued Sun and Rium in Texas state court alleging they breached the Policy Manual by using Nerium's confidential information and by soliciting other Brand Partners for a competitor. To support jurisdiction over the California residents, Nerium asserted (1) appellees did business in Texas by entering into the contracts with Nerium, a Texas resident, that were performable, in whole or in part, in Texas and (2) the Policy Manual contained a forum selection clause.

Appellees filed a special appearance asserting they did not have sufficient contacts with Texas to permit the court to exercise personal jurisdiction over them. To support the special appearance, they presented evidence that they had no contacts with Texas that were related to the contract, that Sun executed the contract while in California, and that Sun had only ever been to Texas twice for a meeting involving a different company. Finally, appellees asserted they did not agree to the forum selection clause and, even if they did, the clause was illusory and unenforceable.

The trial court granted appellees' special appearance. In its findings of fact and conclusions of law, the trial court found that appellees did not conduct any business in Texas in connection with Nerium's claims, did not enter into the contract in Texas, did not perform any part of the contract in Texas, and that Sun had only been to Texas twice, both times to attend sales events prior to her involvement with Nerium. The trial court concluded appellees were not subject to personal jurisdiction in Texas courts because they did not have sufficient contacts with Texas such that they purposefully availed themselves of the benefits and protections of Texas

–2–

law.  Regarding the forum selection clause, the trial court found that appellees did not agree to be bound by the clause, and that the clause was illusory because Nerium could change the clause at any time without prior notice or appellees' consent.  Nerium appeals.

In its first point of error, Nerium contends the trial court erred in granting appellees' special appearance because "[a]ppellees entered into a contract with [Nerium] that was performable, in whole or in part, by either party, in the [S]tate of Texas."

The plaintiff bears the initial burden of pleading sufficient allegations to invoke jurisdiction under the Texas long-arm statute.  *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007); *Am. Type Culture Collection v. Coleman*, 83 S.W.3d 801, 807 (Tex. 2002).  The nonresident defendant then assumes the burden of negating all bases of jurisdiction alleged.  *Moki Mac*, 221 S.W.3d at 574; *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002).  Because the question of a court's exercise of personal jurisdiction over a nonresident defendant is one of law, we review a trial court's determination of a special appearance de novo.  *Moki Mac*, 221 S.W.3d at 574.

Texas courts may assert personal jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees.  *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex. 1990).  The long-arm statute provides that a nonresident "does business" in Texas if it "contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state."  TEX. CIV. PRAC. & REM. CODE § 17.042(1) (West 2008).  The long-arm statute's broad doing-business language allows the statute to "reach as far as the federal constitutional requirements of due process will allow."  *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

Federal due-process requirements limit a state's power to assert personal jurisdiction over a nonresident defendant. *See Guardian Royal*, 815 S.W.2d at 226. Personal jurisdiction is proper when the nonresident defendant has established minimum contacts with the forum state, and the exercise of jurisdiction comports with "'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Minimum contacts are sufficient for personal jurisdiction when the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (quoting *Int'l Shoe Co.*, 326 U.S. at 319); *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005). There are three parts to a "purposeful availment" inquiry. *Moki Mac*, 221 S.W.3d at 245; *Michiana*, 168 S.W.3d at 784–85. First, only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person. *Moki Mac*, 221 S.W.3d at 245; *Michiana*, 168 S.W.3d at 785. Second, the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated. *Moki Mac*, 221 S.W.3d at 245; *Michiana*, 168 S.W.3d at 784–85; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n. 18 (1985). Finally, the "defendant must seek some benefit, advantage or profit by 'availing' itself of the jurisdiction." *Michiana*, 168 S.W.3d at 785.

A nonresident defendant's forum-state contacts may give rise to two types of personal jurisdiction. *Moki Mac*, 221 S.W.3d at 245; *BMC Software*, 83 S.W.3d at 795–96. If the defendant has made continuous and systematic contacts with the forum, general jurisdiction is established whether or not the defendant's alleged liability arises from those contacts. *BMC Software*, 83 S.W.3d.at 796; *CSR Ltd.*, 925 S.W.2d at 595. In contrast, when specific jurisdiction is alleged, we focus the minimum-contacts analysis on the "relationship among the defendant,

the forum [,] and the litigation." *Guardian Royal*, 815 S.W.2d at 228 (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984)). Specific jurisdiction is established if the defendant's alleged liability "aris[es] out of or [is] related to" an activity conducted within the forum. *Helicopteros*, 466 U.S. at 414 n. 8; s*ee also CSR Ltd. v. Link*, 925 S.W.2d 591, 595 (1996).

The evidence showed Nerium's breach of contract allegations concerned appellees' conduct in the States of California and Arizona. Nerium nevertheless contends jurisdiction was proper because it met the "black letter" requirements of the long-arm statute, and therefore appellees' necessarily purposefully availed themselves of the benefits of Texas law. Nerium further contends it is improper to further evaluate appellees' minimum contacts with the State of Texas because such an evaluation applies only to tort cases, not contract cases. We disagree.

An evaluation of a defendant's contacts directed toward the forum state is neither a "tort standard" nor a "contract standard," but a due process requirement. In *Burger King Corp. v. Rudzewicz,* one of the leading Supreme Court cases involving personal jurisdiction in a contract dispute, the Court stated clearly and unequivocally that an individual's contract with an out-of state party cannot alone establish the minimum contacts due process requires. *Burger King,* 471 U.S. at 478. Rather, factors such as prior negotiations and contemplated future consequences, the terms of the parties contract and their actual course of dealings must be evaluated to determine whether the defendant purposefully established minimum contacts within the forum. *Id.* at 479. Indeed, these "minimum contacts" are the "constitutional touchstone" that due process requires. *See id.* at 474.

Nerium agrees that contracting with a Texas resident is alone insufficient to show purposeful availment. But, relying entirely on the Texas long-arm statute, and Nerium's own performance of the contract in Texas, it asserts jurisdiction is proper.[1]

Here, the only evidence of any contact appellees had with Texas was entering into a contract with Nerium, a Texas resident. Although Nerium performs its contractual obligations in Texas, Nerium does not contend the location of its own performance was either contractually required or germane to the contract. Further, evidence that Nerium performed its contractual obligations in Texas improperly focuses on its own activities, not appellees', and is not sufficient to establish appellees' contacts with Texas. *Turner Schilling, L.L.P. v. Gaunce Mgmt.*, *Inc.*, 247 S.W.3d 447, 456 (Tex. App.—Dallas 2008, no pet.); *TM Prod., Inc. v. Blue Mountain Broadcasting*, 623 S.W.2d 427, 432 (Tex. Civ. App.—Dallas 1981*), writ ref'd n.r.e. per curium,* 639 S.W.2d 450 (Tex. 1982); *see also Moncrief Oil Inter., Inc. v. OAO Gazprom*, 481 F.3d 309, 312-13 (5th Cir. 2007). Nor can we agree with Nerium that the presence of the forum selection clause, regardless of its enforceability, is sufficient to show appellees' purposeful availment. *See TM Prod., Inc.*, 623 S.W.2d at 429, 432. We conclude Nerium has failed to show the trial court erred in granting the special appearance on this basis.

Nerium next asserts that the trial court erred in granting appellees' special appearance because it is "undisputed" the contract contained a forum selection clause. In its findings of fact and conclusions of law, the trial court found that appellees did not agree to the forum selection clause and, even if they did, the forum selection clause was illusory and unenforceable. In its original brief, Nerium has failed to properly attack these bases for the trial court's ruling. Instead, it cites only to authority that forum selection clauses are generally enforceable and that a

---

[1] In essence, Nerium alleges the "purposeful availment" requirement has been legislatively determined. Of course, the Texas legislature cannot, by statute, change the requirements of the due process clause of the United States Constitution.

defendant seeking to avoid such a clause bears a heavy burden. *See In re Int'l Profit Assoc., Inc.,* 247 S.W.3d 672, 673 (Tex. 2009). Nerium makes no effort to apply this law to the facts of the case or, more importantly, to address the trial court's finding that appellees did not agree to the clause in the first instance. We conclude this issue is inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Sink v. Sink*, 364 S.W.3d 340, 346 (Tex. App.—Dallas 2012, no pet.).

Nerium likewise, in its original brief at least, fails to address the trial court's determination the forum selection clause was illusory. Instead, it addresses this basis for the trial court's ruling for the first time in its reply to appellees' brief. The Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's briefs but not raised by the appellant's original brief. *Dallas County v. Gonzalez*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied). A reply brief may not be used to raise new issues. Accordingly, we conclude this issue is not properly before us.

Further, in their reply brief, Nerium has failed to show the trial court erred in concluding the forum selection clause was unenforceable. The introduction to the Policies Manual provided, "[T]he Company reserves the right to amend this Policy Manual by publishing or transmitting amendments as it deems appropriate." Section 11.07 of the Policy Manual, the specific provision concerning amendments, provided Nerium could amend the Manual "at any time without prior notice" and that such amendments were to be effective and binding on the Brand Partner as of the date of issuance.

Generally, if a party can unilaterally modify or terminate a purported agreement, without prior notice, the agreement is based upon an illusory promise and is unenforceable. *Weekly Homes, L.P. v. Rao*, 336 S.W.3d 413, 419 (Tex. App.—Dallas 2011, pet. denied). A promise is illusory when it fails to bind the promisor, who retains the option of discontinuing performance.

*See id.*; *In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 370 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding).

According to Nerium, the forum selection clause is not illusory because any amendments were not effective "retroactively," but only as of the date of issuance. We disagree. Section 11.07, which allows all amendments to be effective immediately, does not limit any amendments to future conduct or future disputes. *Cf. In re Halliburton Co.*, 80 S.W.3d 566, 56-70 (Tex. 2002) (arbitration provision that could be terminated by employer was not illusory because termination not effective until ten days after notice of termination or to disputes arising before date of termination). We conclude Nerium has failed to show the trial court erred in granting the special appearance on this ground. We resolve the second issue against Nerium.

In its third issue, Nerium contends the evidence is legally and factually insufficient to support various findings of fact. However, it wholly fails to discuss the findings, the evidence the trial court considered, or the relevance of any such findings to this appeal. Nor does Nerium cite any legal authority in support of this issue. Instead, it generally asserts the trial court's fact findings "conclusively demonstrates" the trial court applied the "tort standard" for jurisdictional contacts instead of the "contract standard." We conclude this issue presents nothing to review. *See* TEX. R. APP. P. 38.1(i). We resolve the third issue against Nerium.

We affirm the trial court's order.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

130427F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NERIUM INTERNATIONAL, LLC,
Appellant

No. 05-13-00427-CV      V.

SUNNY KUM SUN AND RIUM, LLC,
Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-02357-F.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Evans participating.

In accordance with this Court's opinion of this date, the trial court's order is
**AFFIRMED**.

It is **ORDERED** that appellee SUNNY KUM SUN AND RIUM, LLC recover their costs
of this appeal from appellant NERIUM INTERNATIONAL, LLC.

Judgment entered this 2nd day of May, 2014.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE